# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

                                     **Case No. 06-40160-JAR**

**LAPOLEON REDMOND, JR.,**

    **Defendant.**

## MEMORANDUM AND ORDER

Defendant Lapoleon Redmond, Jr. plead guilty to using a communication facility in committing, causing, and facilitating the distribution of cocaine.[1] On December 9, 2009, this Court sentenced Defendant to 188 months' imprisonment.[2] That sentence was ultimately amended and reduced to 96 months.[3] This matter comes before the Court on Defendant's *pro se* Motion for Copy of Satisfaction of Judgment (Doc. 481) and Motion for Relief of Judgment (Doc. 489). Although not filed as motions, Defendant also filed several related post-judgment pleadings: Notice of Acceptance of Bill of Exchange (Doc. 469); Notice of Breach of Private Settlement Agreement (Doc. 473); Notice of Foreign Judgment (Doc. 474); and Notice of Settlement Agreement (Doc. 490).

Given the language of Defendant's motions and other submissions, he appears to assert claims common to the "sovereign citizen" or "redemptionist" movements that have been consistently rejected by federal courts. The Second Circuit has described "sovereign citizens" as

---

[1] Doc. 326.

[2] Doc. 366.

[3] Doc. 487.

1

"a loosely affiliated group who believes that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior."[4] The Third Circuit described the rise of the movement, as follows:

> "Redemptionist" theory . . . propounds that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 19[3]3, and, instead, pledged the strawman of its citizen as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody. If government officials refuse, inmates are encouraged to file liens against correctional officers and other prison officials in order to extort their release from prison. Adherents of this scheme also advocate that inmates copyright their names to justify filing liens against officials using their names in public records such as indictments or court papers.[5]

Those subscribing to the sovereign citizen or redemptionist theories further believe that when "[a] person's name is spelled . . . with capital letters and small letters, [it] represents the 'real person.' Whenever a person's name is written in total capitals, however, . . . only the 'strawman' is referenced, and the flesh and blood person is not involved."[6] The Tenth Circuit has held that a sovereign citizen's argument was frivolous when he challenged a federal court's jurisdiction because it had referred to his corporate persona by using capital letters in its documents.[7]

Here, Defendant seeks relief from judgment as follows:

I, Mr. Lapoleon Redmond, Jr., a natural person, through REDMOND, JR. LEPOLEON, a guaranty corporation in sovereign capacity is restricted

---

[4]*United States v. Ulloa*, 511 F. App'x 105, 107 n.1 (2d Cir. 2013) (summary order).

[5]*Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008) (per curiam).

[6]*McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 210 (D. Conn. 2010) (citations omitted).

[7]*United States v. Sellers*, 572 F. App'x 628, 632 (10th Cir. 2014).

> appearance, accepted for value in good faith the final judgment negotiated to me in this case and surrendered a certified copy of the same, as security, to RON MILLER, as an officer of this court, for registration for the collection, recovery and withdrawal of the money and property collateralized and covered thereby; and hereby demand that this court honor and issue the entitlement order presented, for REDMOND, JR. LAPOLEON.[8]

Attached to this notice is a document entitled "Judgment Under FRCVP 60," which states,

> LAPOLEON REDMOND, JR. is hereby summarily unconditionally released from the United States possession, custody and control, under 28 U.S.C. § 2464 and FRCVP E(5)(c), and is to be forthwith delivered to [an address in Kansas City, Kansas], with such as provided in 28 U.S.C. § 2465(b), in the amount of $_____.[9]

The theories on which Defendant bases these arguments and demands have been uniformly rejected by the courts as legally invalid and frivolous.[10] The Court finds the reasoning of these decisions persuasive and denies Defendant's requests for relief as frivolous and without any validity in the laws of the United States.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Copy of Satisfaction of Judgment (Doc. 481) and Motion for Relief of Judgment (Doc. 489) are **denied.**

**IT IS SO ORDERED.**

Dated: June 21, 2018

                                           S/ Julie A. Robinson
                                           JULIE A. ROBINSON
                                           CHIEF UNITED STATES DISTRICT JUDGE

---

[8] Doc. 489.

[9] *Id.* at 2. 28 U.S.C. §§ 2464 and 2465 relate generally to civil forfeiture proceedings.

[10] *Santana v. United States*, No. 13-cr-536 (PKC), 2017 WL 2470834, *2 (S.D.N.Y. June 6, 2017) (collecting cases).